# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC T. FRIERSON II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-1316-W |
| ) | |
| CCA CORP.; MICHAEL ) | |
| CARNEDA; LT. WILLIAMS; ) | |
| FRED E. FIGUEROA; LT. S. ) | |
| SMITH; MR. & MRS. THURMAN; ) | |
| and ACOS J. HATTON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983 alleging numerous constitutional violations. United States District Court Judge Lee R. West referred this matter for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C) and it is now before the undersigned Magistrate Judge. Defendants Thurman, Thurman, and Smith (the "Three Defendants") filed a motion to dismiss, Doc. 32, which the undersigned, with notice to Defendants and Plaintiff, construed as a motion to dismiss and/or motion for summary judgment. Doc. 35. Plaintiff responded. Docs. 33, 38. The undersigned recommends that the Court grant the Three Defendants' motion for summary judgment on grounds of untimeliness.

Plaintiff did not seek a summons for Defendant CCA Corp., Doc. 17, and did not effect service on Defendants Carneda, Williams, Figueroa, and Hatton. Docs. 19-22. Rather than recommending dismissal without prejudice on that ground, and because Plaintiff's claims are untimely as a matter of law, the undersigned recommends that the Court sua sponte grant summary judgment to these defendants (the "Remaining Defendants").

## II. Plaintiff's claims.

Plaintiff filed his complaint on November 23, 2012.[1] Doc. 1, at 1.[2] In Counts One and Two, Plaintiff alleges that officials convicted him of a disciplinary infraction based on "false evidence" and changed the paperwork three times to cover the wrongdoing. *Id.* at 3. In Count Three, Plaintiff claims that officials used excessive force during a prison incident. *Id.* at 4.[3]

---

[1] The undersigned deems Plaintiff's complaint filed on the day he gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Presumably, that was the same day the document was mailed, which according to the postage information, was November 23, 2012.

[2] Page citations reflect this Court's CM/ECF pagination.

[3] Plaintiff also states that his "alleged victim" harassed him. Doc. 1, at 3. But Plaintiff does not name his "alleged victim" or identify the individual as a named defendant. *Id.* For this reason, the undersigned has not construed this statement as an independent ground for relief.

## III. The Three Defendants' motion for summary judgment.

In relevant part, the Three Defendants seek summary judgment on grounds that Plaintiff's claims are untimely. Doc. 32, at 2-3. The undersigned agrees that summary judgment is warranted on this ground.[4]

### A. Standard of review.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the Three Defendants' motion for summary judgment, this Court must view the facts and inferences drawn from the record in the light most favorable to Plaintiff – the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while the Court construes Plaintiff's pro se pleadings liberally, he must nevertheless adhere to the same rules of procedure that are binding on all litigants. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Because the Three Defendants have argued the expiration of the statute of limitations – an affirmative defense – they "must demonstrate that no disputed material fact exists regarding [that] defense." *Hutchinson v. Pfeil*, 105

---

[4] With this recommendation, the undersigned has elected not to address the Three Defendants' remaining arguments.

F.3d 562, 564 (10th Cir. 1997). If the Three Defendants meet their initial burden, Plaintiff "must then demonstrate with specificity the existence of a disputed material fact." *Id.* If he fails, the Three Defendants are then "entitled to summary judgment as a matter of law." *Id.* Additionally, "[w]hile the statute of limitations is an affirmative defense, when the dates . . . make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

### B. Statute of limitations.

A two-year statute of limitations period governs Plaintiff's § 1983 claims. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) ("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, and in Oklahoma, that period is two years.") (citations omitted); Okla. Stat. tit. 12, § 95(A)(3). The undersigned finds that the statute of limitations has expired on all of Plaintiff's claims.

#### 1. Accrual date.

Federal law controls the accrual date, and for Plaintiff's § 1983 claims, the statute of limitations began to run when he knew or had reason to know of the injury underlying his claims. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215

4

(10th Cir. 2004). According to Plaintiff, prison officials convicted him of an allegedly false disciplinary charge in October 2010. Doc. 1, at 3. And, the Three Defendants present evidence that the relevant prison incident occurred in June 2010. Doc. 31, Ex. 2. Plaintiff agrees. Doc. 38, at 1. Accordingly, the undisputed evidence establishes that Plaintiff's claims accrued in June and October 2010 respectively. Thus, the undersigned finds that without tolling, Plaintiff's statute of limitations expired in June and October 2012.

### 2. Tolling.

Plaintiff urges tolling on several grounds. On this subject, Oklahoma law controls. *See Alexander*, 382 F.3d at 1217. Oklahoma permits the tolling in limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995).

5

Plaintiff first seeks tolling based on limited law library access during his stay in segregated housing and during a prison lockdown, and Beckham County's inability to provide "necessary literature to file claim." Doc. 38, at 1. However, Plaintiff does not explain how the lack of library access or "literature" actually hindered his ability to timely file his § 1983 claims in federal court. *See Young*, 554 F.3d at 1258 (finding no "legal disability" or "exceptional circumstances" related to a lack of library access particularly where plaintiff failed to explain how the lack of library access prevented timely filing). Indeed, Plaintiff filed a basic, handwritten complaint with no citation to case law. Doc. 1, *passim*. Under such circumstances, the undersigned finds no grounds for tolling based on limited library access or the lack of "literature" from Beckham County. *See Young*, 554 F.3d at 1258; *see also Watkins v. Craft*, 455 F. App'x 853, 855 (10th Cir. 2012) (rejecting inmate's claim that lack of law library warranted tolling his § 1983 claim on grounds that "Mr. Watkins has not explained specifically why he needed a typewriter or a law library to prepare a timely § 1983 complaint containing the basic allegations supporting that claim or why he was otherwise prevented from 'litigating' that claim").

Plaintiff also seeks tolling because he pursued "exhaustion of administrative appeals" and an "internal affairs" investigation. Doc. 38, at 1. Courts have tolled the statute of limitations during exhaustion of administrative

6

remedies. *See Laubach v. Scibana*, No. CIV-05-1294-F, 2008 WL 281545, at *1, *10 (W.D. Okla. Jan. 31, 2008) (unpublished order) ("Because the PLRA requires prisoners bringing civil rights actions to exhaust available administrative remedies before seeking relief in federal court, the majority of circuits to address the issue have concluded that the statute of limitations applicable to a civil rights action must be tolled while a prisoner completes the mandatory administrative remedy process."), *aff'd*, 301 F. App'x 832 (10th Cir. 2008). However, as discussed above, Plaintiff bears the burden of establishing tolling and he failed to provide any evidence regarding how long he was engaged in the administrative review process. Accordingly, the undersigned finds that tolling is not warranted on this basis. *See Jackson v. Standifird*, No. 11-CV-163-JHP-PJC, 2011 WL 4036196, at *3 (N.D. Okla. Sept. 12, 2011) (unpublished order) (rejecting plaintiff's request for equitable tolling of § 1983 claims based on exhaustion of administrative remedies because "Plaintiff in this case has not provided information sufficient to demonstrate the length of time spent exhausting administrative . . . remedies"), *aff'd*, 463 F. App'x 736, 738 (10th Cir. 2012).

Regarding the internal affairs investigation, Plaintiff already knew the facts underlying the two relevant events – that is, Plaintiff knew he had (allegedly) been convicted of a false misconduct charge in October 2010 and that

7

officials had (allegedly) used excessive force during a prison incident in June 2010. Thus, Plaintiff gives no explanation for why he needed to wait for the internal affairs investigation to conclude before he filed suit.

Based on the foregoing, the undersigned finds no "extraordinary circumstances" warranting tolling under Oklahoma law.

### C. Summary.

The undisputed evidence establishes that Plaintiff's statute of limitations accrued in June and October 2010, and Plaintiff has not carried his burden of establishing tolling under Oklahoma law. Thus, the undersigned finds that Plaintiff's statute of limitations expired in June and October 2012 respectively and his complaint, filed on November 27, 2012, is untimely. The Three Defendants are therefore entitled to summary judgment.

## IV. The Remaining Defendants.

As noted above, Plaintiff has not served the Remaining Defendants (CCA Corp., Carneda, Williams, Figueroa, and Hatton). However, because Plaintiff's claims are untimely, the undersigned recommends that the Court sua sponte grant summary judgment to these parties. *See Zinna v. Cook*, 428 F. App'x 838, 841 (10th Cir. 2011) (concluding that where the legal basis for granting summary judgment to the moving defendants applied equally to non-moving parties and the plaintiff had the opportunity to respond to the defense, "[t]he

district court did not err in logically extending its grant of summary judgment to [the non-moving defendant]").

## V.    Recommendation and notice of right to object.

Plaintiff's claims are untimely, and the undersigned therefore recommends that Defendants Thurman, Thurman, and Smith's motion for summary judgment, Doc. 32, be granted. The undersigned further recommends that because Plaintiff's claims are untimely as a matter of law, the Court sua sponte grant summary judgment to the un-served parties, Defendants CCA Corp., Carneda, Williams, Figueroa, and Hatton.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by the 25th day of November, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 5th day of November, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE